UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

REGINA JENNEY,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
A LIBERIAN CORPORATION,

    Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, **REGINA JENNEY**, by and through her undersigned attorney, and hereby files her Complaint against Defendant, **ROYAL CARIBBEAN CRUISES LTD.,** A LIBERIAN CORPORATION, and she states:

1. This is an action for damages that exceed $75,000.00, exclusive of attorney's fees and costs.

2. Plaintiff, at all material times, was and is a resident of Pinellas County, Florida and at all times material was a passenger on board a passenger cruise ship, ROYAL CARIBBEAN CRUISES LTD.'s, BRILLIANCE OF THE SEAS .

3. At all times material hereto, Defendant ROYAL CARIBBEAN CRUISES, LTD., was a Liberian corporation licensed to conduct business in the State of Florida, and did conduct business in Florida as ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN

CORPORATION, providing cruise ship voyages to paying passengers, and owned and/or operated a cruise ship known as the MS <u>BRILLIANCE OF THE SEAS.</u>

4. Jurisdiction is proper in this Court under 28 U.S.C. 1333, which provides original jurisdiction to United States District Courts exclusive of state courts of "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they may be entitled", and pursuant to Article III, Section 2 of the U.S. Constitution.

5. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and ROYAL CARIBBEAN CRUISES LTD., under which Plaintiff was traveling at the time of the incident on the Defendant's <u>BRILLIANCE OF THE SEAS</u> .

6. At all times material on April 18, 2015, Plaintiff occupied the status of an invitee/passenger on the subject vessel.

7. On April 18, 2015, the Plaintiff, REGINA JENNEY, was walking to her appointed cabin; the Plaintiff passed close to the "Towel Exchange" area and fell in accumulated water on the Defendant's deck.

8. Prior to the fall the Plaintiff did not walk in the area where she fell.

9. The "Towel Exchange" area has no non-skid features despite the Defendant being on notice that passengers regularly will come up to the Towel Exchange area while the passengers are wet and have wet clothing, and where passengers exchange towels which are already wet.

10. On information and belief the Defendant is, and could only be, on notification that such conditions constantly arise: that passengers constantly come to the Towel Exchange area with wet clothing and wet towels which leave water on the floor.

11. The Defendant had no Wet Floor signs in place at the time of the fall. The Defendant did place Wet Floor signs up after the Plaintiff fell.

12. The Defendant has the ability to conduct the Towel Exchange so that it is not in the walking path for patrons not seeking a towel.

13. Alternatively, the floor on the deck becomes unreasonably slippery when it gets wet and when patrons apply tanning oils and lotions which end up on the Defendant's floor.

14. On this date the Defendant's floor was unreasonably dangerous because the Plaintiff was walking on the Defendant's dry deck area and unexpectedly hit the transitory substance, the water, at the Towel Exchange.

15. In addition to the water being on Defendants' floor, unbeknownst to the Plaintiff, on information and belief, the Defendants' decks are slippery when wet, and this condition is previously known to the Defendants from prior falls.

16. The Defendants furthermore gave no warning directly or indirectly to the Plaintiff of the slippery condition of its deck before the Plaintiff fell.

17. The Defendants did have the ability to place non-skid strips or take other measures to reduce the dangerous condition at the Towel Exchange area, but failed to do so.

18. As a proximate result of Defendants' negligent failures mentioned above, on or about April 18, 2015, Plaintiff, REGINA JENNEY, fell and severely injured her left arm and sustained injury to her body.

19. That aforementioned negligence of the Defendants created a hazardous condition to its passengers and to the Plaintiff, and was known to the Defendants or had existed for a sufficient length of time so that Defendants should have known of it, or that such slips and falls occur with such frequency on that deck and other similar decks of ROYAL CARIBBEAN

CRUISES LTD., vessels so as to constitute prior notice to ROYAL CARIBBEAN CRUISES LTD., of that condition.

20. As a direct and proximate result of Defendant's negligence and Plaintiff's fall, Plaintiff, REGINA JENNEY, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, REGINA JENNEY, demands judgment for the stated damages, interest and costs against Defendant, ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION, and any such other relief to which the Plaintiff may be justly entitled.

Respectfully submitted this 13th day of April, 2016.

*/s/ Frank D. Butler*
Frank D. Butler, Esquire
FBN: 940585
Frank D. Butler, P.A.
10550 U.S. Hwy. 19 North
Pinellas Park, FL  33782
Tel: (727)399-2222
Fax: (727)399-2202
fdblawfirm@aol.com
Counsel for Plaintiff